UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN BELL,
        Plaintiff,

v.                                                                             CIVIL ACTION NO. 18-30157-KAR

UNITD STATES GOVERNMENT et al.,
        Defendants.

**ORDER**

**ROBERTSON, M.J.**                                                                            November 5, 2018

    1.     Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is <u>ALLOWED</u>. Because the plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening. pursuant 28 U.S.C. §1915(e)(2)(B). In connection with this preliminary screening, plaintiff's *pro se* Complaint is construed generously. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Instituto de Educacion Universal Corp. v. U.S. Dept. of Education</u>, 209 F.3d 18, 23 (1st Cir. 2000).

    2.     Plaintiff's Motion to Appoint Pro Bono counsel and for an Emergency Hearing (ECF No. 3) is <u>DENIED</u> without prejudice. The motion is a densely worded one-page document that is unsupported by a memorandum of reasons as required by the Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."). Appointment of pro bono counsel in a civil case is very rare. While plaintiff requests an "emergency hearing," and the Court is sympathetic to plaintiff's homelessness and the difficulties of proceeding on a self-represented basis, there is no basis for appointment of counsel or an emergency hearing based upon what is presently before the Court

3.      It is <u>FURTHER</u> <u>ORDERED</u> that to the extent plaintiff wishes to proceed, she shall file an amended complaint by **December 7, 2018.** Plaintiff's complaint fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a) requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and…a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson, 355 U.S. 41, 47 (1957)</u>). It must afford the defendants a "[']meaningful opportunity to mount a defense,' " <u>Díaz-Rivera v. Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004) (quoting <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)).

Plaintiff's complaint is not a "plain statement." Rather, the complaint is a confused narrative on a civil complaint form, along with narrative attachments. Plaintiff apparently seeks relief against various unrelated parties on various unrelated claims arising in different jurisdictions. She has not clearly identified the defendants. If plaintiff wishes to proceed in this matter, she must file, **by December 7, 2018**, an amended complaint in this action – a new stand-alone document -- setting forth plausible claims upon which relief may be granted. In preparing the amended complaint, plaintiff should not include names of individuals or entities that do not have any direct involvement with her legal claims against named defendants. Rather, any amended complaint should focus on the legal claims against each defendant, along with the timing and the factual bases for such claims. In other words, plaintiff should set forth clearly facts as to who did what to whom, when, where, and why. She should not assert claims collectively against defendants, but rather should parcel out the claims against each defendant, or

if appropriate, groups of defendants, separately. She also should not assert multiple causes of action against a defendant in one count; rather, she should identify separately each cause of action and the grounds therefore. Upon filing of an amended complaint, the action will be further screened. With respect to exhibits, plaintiff is not required to attach exhibits to her amended complaint, but she but may do so. However, the plaintiff's factual allegation and must stand on their own.  To the extent plaintiff intends to bring separate actions against unrelated defendants for unrelated claims, she should follow these same guidelines, but will need to file separate lawsuits.

4. Failure to comply with this Order **by December 7, 2018** may result in dismissal of this action by a United States District Judge.

**So Ordered.**

 /s/ Katherine A. Robertson
**UNITED STATES MAGISTRATE JUDGE**